IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE T. BEALONIS, Individually )
and as Personal Representative of the )
Estate of ANNETTE C. BEALONIS, )
deceased, )
            )
      305 Spackman Street )
      Seward, PA 15954 )
            )
    Plaintiff, )
            )
vs. )   Civil Action No.: _____
            )
            )   <u>JURY TRIAL REQUESTED</u>
AMERICAN REGISTRY OF )
PATHOLOGY, a corporation )
            )
    And )
            )
Esther J. Lee )
            )
    Defendants. )

## COMPLAINT

The Plaintiff states his causes of action as set forth below:

### Jurisdiction and Venue

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 *et seq.* The citizenship of the parties is diverse and the amount in controversy exceeds the requisite jurisdictional limit. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (a).

2.    Plaintiff George T. Bealonis is an adult resident of the State of Pennsylvania. At all times relevant herein he was the legal husband of Annette C.

Bealonis. He is also the surviving spouse and Personal Representative of the Estate of Annette C. Bealonis.

## General Allegations

3. At all times relevant herein, the named defendants held themselves out as health care providers, duly licensed and practicing laboratory medicine and cytopathology in the District of Columbia.

4. The defendants, acting by themselves and/or through their agents, employees, servants and representatives provided medical and cytopathology care to Annette C. Bealonis (Mrs. Bealonis) on or about December 1, 2000.

5. The defendants American Registry of Pathology and Esther J. Lee, by themselves and/or through their respective agents, employees, servants or representatives, owed plaintiff's decedent, Mrs. Bealonis, a duty to conform their care to generally accepted standards practiced by reasonably competent health care providers under the same or similar circumstances.

6. A health care provider/patient relationship existed between each named defendant (including agents, employees and/or servants) and Mrs. Bealonis at all times relevant herein.

7. At the time of the events at issue, Mrs. Bealonis was 36 years old and in good health. She enjoyed an active life as a wife and the mother of three children.

8. As a benefit of her husband's military service, Mrs. Bealonis was entitled to receive medical care at facilities owned and operated by the United States government. That care included periodic Papanicolaou tests (hereinafter referred to as "Pap smear") in order to screen for and provide early detection of cervical cancer.

9. On November 18, 2000, Mrs. Bealonis had a well woman examination and Pap smear performed at the Guthrie Ambulatory Clinic at Fort Drum, New York. The cytology from the Pap smear was sent to Walter Reed Army Medical Center (WRAMC) for interpretation.

10. On information and belief, WRAMC referred the cytology slide(s) to the Armed Forces Institute of Pathology (AFIP) for review. On information and belief, AFIP in turn assigned the slide(s) for review by The American Registry of Pathology, which in turn assigned the slide(s) for evaluation by defendant Esther J. Lee, a cytopathology technician.

11. On information and belief, Ms. Lee and The American Registry of Pathology are not employees or agents of the United states, but are independent contractors for whose acts and omissions the United States accepts no responsibility or liability.

12. On information and belief, The American Registry of Pathology is a non-governmental entity, and is Ms. Lee's employer and principal. On further information and belief, The American Registry of Pathology and Ms. Lee provided the above-described services to AFIP and/or WRAMC under a fee-for-service contract or similar agreement.

13. Defendant Esther J. Lee examined Mrs. Bealonis Pap smear slide(s) on or around December 1, 2002. She determined and reported that the cytology shown thereon was satisfactory for evaluation and was within normal limits. On information and belief, the slide was not thereafter reviewed by a pathologist in order to confirm Ms. Lee's findings.

14. In the Fall of 2002, Mrs. Bealonis and her family were living in the vicinity of El Paso, Texas when she began to experience symptoms of abnormal vaginal bleeding and discharge. She presented to the emergency care department at Brook Army Medical Center on November 3, 2002. Mrs. Bealonis reported bloody vaginal discharge, blood in her urine, frequent urination, and cramping. She was told that she had vaginitis, and medications were prescribed.

15. Shortly after this emergency room visit, Mrs. Bealonis decided to consult a private gynecologist regarding her worrisome symptoms. Accordingly, she was seen by Linda Lacy, M.D., an OB/GYN in private practice in El Paso, Texas, in early November 2002. Dr. Lacy immediately suspected cervical cancer and performed a Pap smear and biopsy. Shortly thereafter, the diagnosis of cervical cancer was confirmed.

16. Mrs. Bealonis consulted an oncologist in the El Paso area on two occasions in November and early December 2002, while Mr. Bealonis arranged for a leave of absence from his military service. The Bealonis family then moved to Seward, Pennsylvania, where they had extended family.

17. In December 2002, Mrs. Bealonis was seen and evaluated by private health care providers in Pittsburgh and Johnstown, Pennsylvania. Army officials subsequently required that Mrs. Bealonis travel to WRAMC to receive her medical care.

18. On December 26, 2002, Mrs. Bealonis was admitted to WRAMC. She underwent a total hysterectomy and lymph node removal, and two of 45 lymph nodes were positive for metastatic disease. Pathology review described the cancer as a high grade squamous intraepithelial lesion (CIN III – Stage IIIB).

19. In the months that followed, Mrs. Bealonis received additional and very aggressive treatment from private health care providers in Pennsylvania. She underwent treatment by implant radiation as well as traditional radiation and several courses of various chemotherapy regimens.

20. Despite these efforts, Mrs. Bealonis' cancer continued to grow and progress. Eventually, she was diagnosed with metastatic disease in her stomach (requiring intestinal bypass surgery) and lungs. Mrs. Bealonis' condition continued to deteriorate. After approximately one month of hospice services, Mrs. Bealonis died on September 6, 2004. She was 39 years old.

### Negligence

21. Plaintiff alleges that the defendants, individually and by their agents, employees and/or servants, were negligent in their care and treatment of Mrs. Bealonis in that they violated the applicable standards of medical care by:

(a) Failing to properly interpret the Pap smear collected from Mrs. Bealonis on November 18, 2000;

(b) Failing to refer the Pap smear of November 18, 2000, to a pathologist for review due to its unequivocal abnormality;

(c) Failing to properly report that the Pap smear collected from Mrs. Bealonis on November 18, 2000, showed numerous abnormalities which required medical intervention and treatment;

(e) Failing to timely and appropriately diagnose Mrs. Bealonis' disease;

(f) Failing to notify Mrs. Bealonis or her physician of an abnormal test result; and,

(g)    Committing other negligent acts or omissions in violation of the applicable standards of medical care.

## Survival Action

22.    As a direct and proximate result of the aforementioned negligence of defendants Esther J. Lee and The American Registry of Pathology, plaintiff George T. Bealonis, for the benefit of the Estate of Annette C. Bealonis, claims the following damages:

(a)    Compensation for the severe and extended pain and suffering of Annette C. Bealonis prior to her death;

(b)    Compensation for Annette C. Bealonis' loss of enjoyment of life;

(c)    Compensation for any other damages sustained by Annette C. Bealonis as a proximate result of the negligent acts of Esther J. Lee and American Registry of Pathology.

For these damages, plaintiff demands one million dollars ($1,000,000) in compensation.

## Wrongful Death

23.    As a direct and proximate result of the aforementioned negligence of Esther J. Lee and The American Registry of Pathology, plaintiff George T. Bealonis, individually and for the benefit of the Estate of Annette C. Bealonis, claims the following damages:

(a)    Funeral and burial expenses;

(b)    Loss of the society and companionship of Annette C. Bealonis;

(c)    Income loss resulting from the death of Annette C. Bealonis;

(d)   The value of lost household and domestic services previously performed by Annette C. Bealonis;

(e)   Loss of consortium;

(f)   Other pecuniary loss;

(g)   Severe emotional and mental anguish and suffering; and

(h)   Other damages proximately caused by the death of Annette C. Bealonis.

For these damages, plaintiff demands nine million dollars ($9,000,000) in compensation.

WHEREFORE, plaintiff respectfully requests the Court to issue a judgment in his favor against the defendants, jointly and severally, in the amounts set forth above, and to award such other further relief as is just and equitable under the circumstances.

Respectfully submitted,

George T. Bealonis, Individually and as Personal Representative of the Estate of Annette C. Bealonis, deceased,

By: _____
Counsel for Plaintiff

David L. Terzian,
DC Bar # 282764
RAWLS & MCNELIS, P.C.
P. O. Box 2470
Richmond, VA 23218-2470
(804) 344-0038
(804) 782-0133 – Facsimile
DTerzian@RawlsMcNelis.com